[Cite as *State v. Neal*, 2013-Ohio-2291.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA3512 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND |
| | : | JUDGMENT ENTRY |
| | : | |
| JAMES MITCHELL NEAL, | : | |
| | : | RELEASED: 05/28/2013 |
| Defendant-Appellant. | : | |

APPEARANCES:

James Mitchell Neal, Chillicothe, Ohio, pro se, Appellant.

Mark E. Kuhn, Scioto County Prosecutor, and Matthew A. Wisecup, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

Hoover, J.

{¶ 1} This is an appeal from a judgment of the Common Pleas Court of Scioto County. Appellant James Mitchell Neal appeals the trial court's denial of his "Motion to Enforce Plea Agreement." Appellant filed the motion requesting the trial court to enforce his plea agreement. Appellant requested the trial court to dismiss and/or void his life sentence "due to lack of jurisdiction to enforce." Appellant further requested the trial court to discharge him. This Court disagrees with the appellant's arguments. For the following reasons, the judgment of the trial court is affirmed.

{¶ 2} Appellant, James Mitchell Neal, sets forth the following assignment of error:

THE TRIAL COURT'S LOGIC, AND USE OF LAW, IN IT'S DECISION, IS

WRONG.

I

FACTS

{¶ 3} The record reveals the following facts. On July 30, 1997, appellant was indicted on twelve counts of Rape, first degree felonies, in violation of R.C. 2907.02. Ten of the counts each included a Sexually Violent Predator specification. Appellant was also indicted on two counts of Corruption of a Minor, fourth degree felonies, in violation of R.C. 2907.04. On October 23, 1997, appellant pleaded guilty to one count of Rape, a felony of the first degree, in violation of R.C. 2907.02, with a Sexually Violent Predator specification.

{¶4} The trial court sentenced appellant to eight (8) years to life in prison and also determined him to be a Habitual Sex Offender . The trial court also subjected appellant to address registration and verification requirements annually for twenty (20) years as well as community notification provisions.

{¶ 5} Almost fifteen years later, on July 11, 2012, appellant filed a "Motion to Enforce Plea Agreement" asking the trial court to dismiss appellant's life sentence due to lack of jurisdiction. Appellant alleged that the trial court "lacked the statutory law to enforce, or to re-impose former 'Megan's Law' upon appellant." Appellant also alleged that the trial court had no "Constitutional law to impose notification and registration requirements upon Appellant." The trial court denied the "Motion to Enforce Plea Agreement." Appellant timely filed this appeal on September 13, 2012.

II

ANALYSIS

A.

{¶6} Appellant is approaching this case with a creative argument wherein he begins with the premise that he was sentenced under Ohio's Megan's Law. Ohio's version of Megan's Law was enacted by the General Assembly in 1996. Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2601. Appellant then relies upon another premise that Ohio's Megan's Law was then repealed in 2007 when the General Assembly enacted 2007 Am.Sub.S.B. No. 10 (hereinafter referred to as "Ohio's Adam Walsh Act.") In 2010, the Ohio Supreme Court then held in *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, that some of the provisions of Ohio's Adam Walsh Act were violative of the separation-of-powers doctrine.[1] The Ohio Supreme Court, however, also held that the provisions were severable.

{¶ 7} Appellant contends that if the trial court would grant his "Motion to Enforce Plea Agreement," then there would be no statute to rely upon when enforcing the plea agreement since Ohio's Megan's Law has been repealed. Appellant argues that since Ohio's Megan's Law has been repealed, his life sentence should be void.

{¶ 8} Appellant's arguments are flawed in that the plea agreement from 1997 was in fact never breached. There is no need to enforce the plea agreement. The plea agreement was that if appellant pleaded guilty to Count 1: Rape with a Sexually Violent Predator Specification, then all other counts of the indictment and their respective specifications, if any, would be dismissed. The plea agreement was effectuated. The appellant was indeed sentenced in 1997 pursuant to the plea agreement. At no time has the plea agreement been breached.

---

[1] The provisions of Ohio's Adam Walsh Act that the Supreme Court held were unconstitutional were R.C. 2950.031 and 2950.032. These sections required the attorney general to reclassify sex offenders whose classifications had already been adjudicated by a court and made the subject of a final order. The Supreme Court found this to be violative of the separation-of-powers doctrine by requiring the opening of final judgments. *Bodyke* at ¶61.

{¶ 9} Appellant states that he was reclassified as a Tier III offender; however, the record is silent with respect to information regarding any reclassification of the appellant. The appellant did not provide the trial court with any information or documents regarding any reclassification. The appellant did not file a petition to challenge his classification as provided by R.C. 2950.031(E).

{¶10} Although the appellant cites *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, in support of his motion, the case actually refutes appellant's argument. In *Williams,* the Ohio Supreme Court held that the amendments to sex offender registration statutes violated state constitutional prohibition on retroactive statutes. Williams was sentenced by the trial court under Ohio's Adam Walsh Act even though he committed the offense prior to the enactment of Ohio's Adam Walsh Act. The Ohio Supreme Court reversed the trial court and remanded the cause for resentencing under the law in effect at the time Williams committed the offense. The law that was in effect at the time Williams committed the offense was Ohio's Megan's Law. Even though Megan's Law had already been repealed, the Ohio Supreme Court still, in effect, ordered Williams to be sentenced under Ohio's Megan's Law as it was the law that was in effect at the time the offense was committed.

{¶11} The law that was in effect at the time of the commission of the appellant's crimes was Ohio's Megan's Law. The General Assembly enacted Ohio's version of Megan's Law in 1996. Am.Sub.H.B. 180, 146 Ohio Laws, Part II, 2560, 2601. *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.753. The sentence and the registration, notification, and verification requirements under Ohio's Megan's Law shall continue to be applied to the appellant. Appellant's argument is without merit.

B.

{¶ 12} Appellant further claims that he was never "indicted, plead, or convicted of a R.C. 2941.147 of sexual motivation specification, so appellant does not qualify under the color of law and statute as a 'sexually violent offense,' so the specification of 'sexually violent predator' cannot apply." Appellant claims that this renders his life sentence a nullity and void under the statutes.

{¶ 13} Appellant's argument is incorrect in that appellant did plead guilty to rape with a sexually violent predator specification. R.C. 2971.03 allows for appellant's sentence of 8 years to life. R.C. 2941.148 allows for the application of Chapter 2971 if the offender was charged with a violent sex offense and the indictment charging the violent sex offense also includes a specification that the offender is a sexually violent predator.

{¶14} In his "Motion to Enforce Plea Agreement" at the trial court level and here on appeal, appellant mistakenly intertwines his classification as a sex offender with the "Sexually Violent Predator" specification. A "Sexual Violent Predator" specification is a prison sentence enhancement for specified crimes, including Rape. The specification is wholly separate from sexual offender classification and registration requirements.

{¶ 15} At the time of his conviction R.C. 2941.148 stated:

(A) The application of Chapter 2971 of the Revised Code to an offender is

precluded unless the indictment, count in the indictment, or information charging

the sexually violent offense or charging the designated homicide, assault, or

kidnapping offense also includes a specification that the offender is a sexually

violent predator * * *

In count one of the indictment, to which appellant pleaded guilty, a sexual violent predator specification was included. "Rape is a 'sexually violent offense,' as is kidnapping where the

offender is also convicted of a sexual motivation specification, and as is murder with a similar specification." *State v. Haynes*, 10th Dist. No. 01AP–430 2002-Ohio-4389, ¶82, citing R.C. 2971.01(G); R.C. 2971.01(L). Appellant pleaded guilty to one count of Rape with a Sexual Violent Predator specification; and his argument that the specification does not apply now is without merit.

{¶ 16} For the aforementioned reasons, the judgment of the trial court is affirmed. Pursuant to App.R. 24, costs of the appeal are assessed to appellant.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty (60) days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty (60) day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty (60) days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.:  Concur in Judgment and Opinion.


For the Court


By:_____
              Marie Hoover, Judge


**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.